UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-24274-CIV-MORENO

GUILLERMO PINA, on behalf of himself and
all others similarly situated,

        Plaintiff,

vs.

FEDEX FREIGHT, INC.,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND FACILITATION OF COURT-AUTHORIZED NOTICE

THIS CAUSE came before the Court upon Plaintiff's Motion for Conditional Certification and Facilitation of Court-Authorized Notice (D.E. No. 13), filed on February 23, 2018. Plaintiff Guillermo Pina filed this motion to conditionally certify the present case as a collective action under the Fair Labor Standards Act. Defendant FedEx Freight responded in opposition, contending Pina has failed to show that (i) he is similarly situated to the purported class, and (ii) that other employees within the purported class wish to join the suit. The Court agrees with FedEx Freight and therefore denies Pina's motion for conditional certification.

### I.     FACTUAL BACKGROUND

Defendant FedEx Freight employed Plaintiff Guillermo Pina as an Operations Supervisor from October 13, 2009 to September 27, 2017. Pina brought this suit against his former employer alleging that it denied him proper overtime compensation for workweeks longer than forty hours in violation of the Fair Labor Standards Act.

In the present motion, Pina seeks certification of the case as a collective action under the Fair Labor Standards Act. Specifically, he wishes to sue on behalf of anyone who, like himself, worked as an Operations Supervisor for FedEx Freight during the three years prior to the

initiation of this action. However, FedEx Freight contends that Pina's allegations are deficient and do not merit conditional certification.

## II. LEGAL STANDARD

The Fair Labor Standards Act permits collective actions against employers for violations of the statute. In particular, 29 U.S.C. § 216(b) states that "[a]n action . . . may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b) (2012). Yet § 216(b) requires that all similarly situated employees affirmatively opt into the suit before becoming party plaintiffs. *See id.* ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

Courts employ a two-step procedure when determining whether to certify a class under the Fair Labor Standards Act. The initial step, and the step at issue in the present matter, is known as conditional certification. *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008). During this stage, the court has the authority to decide whether it should notify other similarly situated persons. *See Chung v. Affordable Battery, Inc.*, No. 12–60612–CIV–COHN/SELTZER, 2012 WL 3759029, at *1 (S.D. Fla. Aug. 29, 2012). In making this decision, the court must first "satisfy itself that there are other employees . . . who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Id.* (quoting *Dybach v. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567–68 (11th Cir. 1991)).

To demonstrate both aspects of this initial inquiry, the plaintiff has the burden of showing "a 'reasonable basis' for his claim that there are other similarly situated employees." *Morgan*, 551 F.3d at 1260. Though the court applies a "lenient standard" at this initial stage, "a plaintiff cannot rely on speculative, vague, or conclusory allegations." *Chung*, 2012 WL 3759029, at *1. At the very least, a plaintiff must offer "more than 'only counsel's unsupported assertions that

2

FLSA violations [are] widespread and that additional plaintiffs would come from other [locations].'" *Morgan*, 551 F.3d at 1261 (quoting *Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983)).

## III. ANALYSIS

Here, the Court concludes that Pina has failed to meet his burden as to both *Dybach* requirements. *Dybach*, 942 F.2d at 1567–68. Pina asserts that the proposed class consists of Operations Supervisors[1] who "were similarly situated in that they performed similar duties, were misclassified as 'exempt,' and were paid 'half time' for all hours worked between [40 and 65] each week." Yet, he provides only vague and conclusory assertions regarding how these employees are similarly situated. Such cursory allegations that "Plaintiff and other Operations Supervisors . . . performed similar duties" including "dispatching work" and "warehouse activities associated with outbound parcels" fall well short of the requisite showing to support conditional certification under the Fair Labor Standards Act. *See Rife v. Fronton Holdings, LLC*, 219 F. Supp. 3d 1256, 1262 (S.D. Fla. 2016) (holding that "a showing of similarity requires more than generalized allegations").

Furthermore, Pina fails to demonstrate that other similarly situated employees desire to opt into the suit. Here too, he "cannot rely on speculative, vague, or conclusory allegations." *Alvarez v. Sun Commodities, Inc.*, No. 12-60398-CIV, 2012 WL 2344577, at *2 (S.D. Fla. June 20, 2012). Pina's boilerplate statements that other employees "were not properly paid" and "would likely benefit from this claim" do not satisfy the Eleventh Circuit's standard requiring a plaintiff to show that "there are other employees . . . who desire to 'opt-in . . . .'" *Dybach*, 942 F.2d at 1567–68. "The mere anticipation that others may want to join the lawsuit . . . is insufficient by itself." *Kubiak v. S.W. Cowboy, Inc.*, No. 312-CV-1306-J-34JRK, 2014 WL

---

[1] Although Pina's Motion for Conditional Certification defines the purported class as "Operations Supervisors," his Complaint defines the purported class as "Dispatchers." (*See* Compl. ¶ 7.) To the extent this distinction has any practical significance, it does not change the Court's conclusion. Under either characterization of the purported class, Pina has failed to satisfy the Eleventh Circuit's requirements for conditional certification.

3

2625181, at *8 (M.D. Fla. June 12, 2014) (citing *Guerra v. Big Johnson Concrete Pumping, Inc.*, No. 05–14237–CIV, 2006 WL 2290512, at *4 (S.D. Fla. May 17, 2006). Because Pina has failed to show that other similarly situated employees want to opt into the suit, conditional certification is not appropriate.

## IV. CONCLUSION

As explained above, Pina has failed to show that the purported class consists of similarly situated employees who desire to join the suit. Accordingly, it is ADJUDGED that Pina's motion for conditional certification is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 5th of April 2018.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record