UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**GUILLERMO PINA, on behalf of himself and All Others Similarly Situated,**

        **Plaintiff,**   CASE NO.: l:17-cv-24274-FAM

    v.

**FEDEX FREIGHT, INC.,**

        **Defendant.**

_____/

**DEFENDANT'S AMENDED ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant, FedEx Freight, Inc. ("FedEx"), by and through its undersigned counsel, hereby files this Amended Answer and Defenses to the Complaint filed by Plaintiff, Guillermo Pina ("Plaintiff").

**GENERAL ALLEGATIONS**

1. Admitted that Plaintiff purports to bring an action under the Fair Labor Standards Act ("FLSA") and the Family Medical Leave Act ("FMLA"). Denied that FedEx has violated these statutes or any other law, or that Plaintiff is entitled to the relief he seeks.

2. Admitted that the District Court for the Southern District of Florida, Miami Division, has jurisdiction over this case, and otherwise denied.

3. Without knowledge as to Plaintiffs residency, therefore denied. Admitted that FedEx is engaged in interstate commerce, and otherwise denied.

4. Admitted for venue purposes only, and otherwise denied.

5. Denied.

6. Without knowledge as to the allegations contained in Paragraph 6 of the Complaint, and therefore denied.

## FLSA AND COLLECTIVE ACTION ALLEGATIONS

7. Denied.

8. The allegations in Paragraph 8 of the Complaint are legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

9. Denied.

10. Admitted Plaintiff was paid a salary every two weeks beginning in August 2014, and otherwise denied.

11. Denied.

12. Without knowledge as to Plaintiffs definition of "dispatching work," and therefore denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Without knowledge as to the allegations contained in Paragraph 19 of the Complaint, and therefore denied.

20. Denied.

## FAMILY MEDICAL LEAVE ALLEGATIONS

21. Admitted.

22. Admitted.

23. Without knowledge as to the allegations contained in Paragraph 23 of the Complaint, and therefore denied.

24. Without knowledge as to the allegations contained in Paragraph 24 of the Complaint, and therefore denied.

25. Without knowledge as to the allegations contained in Paragraph 25 of the Complaint, and therefore denied.

26. Without knowledge as to the allegations contained in Paragraph 26 of the Complaint, and therefore denied.

27. Admitted that Plaintiff requested time off to take care of his wife, and otherwise denied.

28. Admitted that Plaintiff requested and received leave, and otherwise denied.

29. Denied.

30. Without knowledge as to the allegations contained in Paragraph 30 of the Complaint, and therefore denied.

31. Denied.

32. Without knowledge as to the allegations contained in Paragraph 32 of the Complaint, and therefore denied.

33. Denied.

## COUNT I

34. For its response to Paragraph 34 of the Complaint, Defendant reasserts and re-avers its responses to Paragraphs 1 through 20 above as if fully set forth herein.

35. The allegations in Paragraph 35 of the Complaint are Plaintiffs characterization of

his claims, to which no response is required. To the extent a response is required the allegations are denied.

36. Admitted that this Court has jurisdiction, and otherwise denied.

37. Admitted that FedEx is engaged in interstate commerce, and otherwise denied.

38. Admitted that FedEx's gross revenue exceeds $500,000 per annum. The remaining allegations in Paragraph 38 of the Complaint are legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

39. The allegations in Paragraph 39 of the Complaint are legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

40. Admitted that Plaintiff purports to bring an action for unpaid wages, but denied that Plaintiff is entitled to the relief he seeks.

41. Denied.

42. Denied.

43. Denied.

Denied that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause, including subparts A-E, following Paragraph 43 of the Complaint.

## **COUNT II**

44. For its response to Paragraph 44 of the Complaint, Defendant reasserts and re-avers its responses to Paragraphs 1 through 20 above as if fully set forth herein.

45. The FLSA and its corresponding regulations speak for themselves and thus no response is required. To the extent a response is required the allegations are denied.

46. Denied.

47. Denied.

48. Denied.

Denied that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause, including subparts A-F, following Paragraph 48 of the Complaint.

## COUNT III

49. For its response to Paragraph 49 of the Complaint, Defendant reasserts and re-avers its responses to Paragraphs 1 through 6 and 21 through 33 above as if fully set forth herein.

50. The allegations in Paragraph 50 of the Complaint are legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

51. The allegations in Paragraph 51 of the Complaint are legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

52. The allegations in Paragraph 52 of the Complaint are legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

53. Denied.

54. Denied.

55. Denied.

Denied that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause, including subparts A-F, following Paragraph 55 of the Complaint.

## COUNT IV

56. For its response to Paragraph 56 of the Complaint, Defendant reasserts and re-avers its responses to Paragraphs 1 through 6 and 21 through 33 above as if fully set forth herein.

57. The allegations in Paragraph 57 of the Complaint are legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

58. The allegations in Paragraph 58 of the Complaint are legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

59. The allegations in Paragraph 59 of the Complaint are legal conclusions to which no response is required. To the extent a response is required the allegations are denied.

60. Denied.

61. Denied.

62. Denied.

Denied that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause, including subparts A-F, following Paragraph 62 of the Complaint.

## JURY DEMAND

Admitted that Plaintiff demands a trial by jury, but denied that Plaintiff is entitled to the relief he seeks.

Any allegation not specifically admitted herein is denied.

## DEFENSES

Without conceding that it bears the burden of proof as to any issue, Defendant asserts the following defenses and affirmative defenses to the Complaint:

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

Some or all of Plaintiffs claims and/or the claims of the putative collective action members are barred by the applicable statute of limitations.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to pursue those claims on behalf of himself and/or some or all of the putative collective action members.

**FOURTH DEFENSE**

Plaintiff's claims and/or those of some or all of the putative collective action members are barred, in whole or in part, to the extent Plaintiff failed to exhaust his internal and/or administrative remedies.

**FIFTH DEFENSE**

Plaintiff's claims and/or those of some or all of the putative collective action members are barred, in whole or in part, to the extent the work they performed falls within exemptions, exclusions, exceptions, offsets or credits, including those provided for in 29 U.S.C. §§ 207 and 213, including but not limited to the Motor Carrier Act, § 213(b)(1), and/or the Railway Labor Act, § 213(b)(3).

**SIXTH DEFENSE**

Defendant has at all times attempted, in good faith, to comply with the provisions of the FLSA and FMLA, and it had reasonable grounds for believing it was in compliance. Accordingly, if there is a finding that Defendant violated the FLSA or FMLA with respect to Plaintiff and/or the putative collective action members, the Court should decline to award liquidated damages.

**SEVENTH DEFENSE**

In calculating overtime liability (if any), Defendant is entitled to exclusion of all elements of Plaintiff's compensation and/or that of some or all of the putative collective action

7

members that are excludable from an employee's regular rate under federal law for purposes of calculating overtime, including, but not limited to, those elements that fall within Section 7(e) of the FLSA, 29 U.S.C. § 207(e), and for all time spent on preliminary or postliminary activities excludable from hours worked under 29 U.S.C. § 254.

## EIGHTH DEFENSE

Defendant is entitled to a credit against any overtime owed (if any) to Plaintiff and/or some or all of the putative collective action members for any amounts permitted under federal law to be credited toward an employer's overtime liability, included, but not limited to, those set forth in Section 7(h) of the FLSA, 29 U.S.C. § 207(h).

## NINTH DEFENSE

The damages incurred by Plaintiff and/or some or all of the putative collective action members, if any, must be reduced or eliminated by any setoffs and credits for (1) all overpayments of compensation to Plaintiff and/or some or all of the putative collective action members, (2) sums which Plaintiff and/or some or all of the putative collective action members received during the course of their employment with Defendant for reasons other than for work performed for Defendant, and (3) all other amounts that may lawfully be deducted from any amount awarded to Plaintiff and/or some or all of the putative collective action members under the FLSA.

## TENTH DEFENSE

The claims of Plaintiff and/or some or all of the putative collective action members fail, in whole or in part, under the *de minimis* doctrine and/or because the damages (if any) associated with such claims are too speculative to be permitted.

**ELEVENTH DEFENSE**

Plaintiff and/or some or all of the putative collective action members are not entitled to some or all of the relief requested in the Complaint because, even if any unlawful practice or conduct occurred, which Defendant specifically denies, such practice/conduct was prohibited by applicable policy and was not committed, authorized or approved by Defendant. Specifically, Defendant did not request, permit, or suffer unpaid overtime work from Plaintiff and/or putative collective action members.

**TWELFTH DEFENSE**

Some or all of the claims of Plaintiff and/or some or all of the putative collective action members are barred, in whole or in part, by the equitable doctrine of laches inasmuch as they have inexcusably and unreasonably delayed the filing of this action causing prejudice to Defendant.

**THIRTEENTH DEFENSE**

Plaintiff is not entitled to certification pursuant to 29 U.S.C. § 216(b) because they did not define potential opt-in plaintiffs to the collective action clearly and objectively.

**FOURTEENTH DEFENSE**

Plaintiff is not entitled to certification pursuant to 29 U.S.C. § 216(b) because the collective action is overly broad and unmanageable and because of the individualized nature of Plaintiffs claims and factual circumstances.

**FIFTEENTH DEFENSE**

Plaintiff is not entitled to certification pursuant to 29 U.S.C. § 216(b) because he cannot adequately represent the interests of the potential opt-in plaintiffs.

**SIXTEENTH DEFENSE**

Plaintiff is not entitled to certification pursuant to 29 U.S.C. § 216(b) because he is not similarly situated to the members of the collective action whom he purports and seeks to represent and cannot identify a group of similarly situated employees or former employees of Defendant.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred to the extent he asserts claims on behalf of similarly situated employees or former employees who do not give their consent in writing and/or whose express written consent is not filed with the Court.

**EIGHTEENTH DEFENSE**

Without admission of liability or wrongdoing, Defendant states that, at all times, it acted in good faith and any act or omission complained of was in conformity with and in reliance on the administrative regulations, orders, rulings, approval, or the interpretation of the administrator of the Wage and Hour Division of the Department of Labor or any administrative practice or enforcement policy of that agency.

**NINETEENTH DEFENSE**

Some or all of the claims of Plaintiff and/or some or all of the putative collective action members are barred, in whole or in part, by the principles of accord and satisfaction and/or payment.

**TWENTIETH DEFENSE**

Plaintiff's damages and/or those of some or all of the putative collective action members are limited to the extent he has failed to mitigate his damages.

## TWENTY-FIRST DEFENSE

Without admitting any wrongdoing or liability, Defendant's actions were not willful violations of the FLSA or FMLA.

## TWENTY-SECOND DEFENSE

Plaintiff's claims and/or those of some or all of the putative collective action members are barred as to all hours allegedly worked of which Defendant lacked constructive or actual knowledge.

## TWENTY-THIRD DEFENSE

Plaintiff's claims and/or those of some or all of the putative collective action members against Defendant are barred, in whole or in part, by the equitable doctrines of waiver and/or unclean hands.

## TWENTY- FOURTH DEFENSE

Some or all of the claims of Plaintiff and/or some or all of the putative collective action members are barred, in whole or in part, because Plaintiff and/or some or all of the putative collective action members have waived and/or released such claims in exchange for adequate consideration.

## TWENTY-FIFTH DEFENSE

Plaintiff and putative collective action members are estopped from bringing a cause of action under the FLSA or from receiving time and one-half for all hours worked in excess of forty to the extent that they, among other things, under-reported their hours of work, accepted the denominated rate of pay, or failed to comply with the prevailing terms, conditions, policies, and procedures governing his employment, including the policies and procedures governing overtime.

**TWENTY-SIXTH DEFENSE**

Any action taken by Defendant with respect to Plaintiff (including, without limitation, the termination of his employment) was taken for legitimate reasons unrelated to his purported exercise of rights under the FMLA or under the FLSA. Alternatively (and to the extent that such defense is appropriate under applicable law), while Defendant denies that it discriminated or retaliated against Plaintiff, should a finder of fact determine that any of Defendant's actions were based on a discriminatory or retaliatory motive, Defendant asserts that it would have taken the same actions regardless of such motive.

**TWENTY-SEVENTH DEFENSE**

If Plaintiff has been damaged as alleged, his damage has been caused by his own intentional or negligent acts or omissions, or by intentional or negligent acts or omissions of entities other than Defendant for which Defendant is not responsible.

**TWENTY-EIGHTH DEFENSE**

Without admitting that discrimination or retaliation occurred, Defendant would have terminated Plaintiff absent discrimination or retaliation based on after-acquired evidence of Plaintiff's failure to report his work for a non-motor carrier entity.

**Reservation of Rights**

Defendant reserves the right to assert any and all additional defenses as may be determined necessary during the course of discovery and to seek attorneys' fees and costs under any applicable statute.

**WHEREFORE,** Defendant respectfully requests the Court: (a) grant judgment in favor of Defendant and against Plaintiff, (b) award Defendant its costs incurred in connection with the instant action, and (c) grant such other and further relief as it deems just and proper.

Dated:  April 25, 2018.

Respectfully submitted,

*s/ Caroline M. Landt*
Caroline M. Landt, Esq.
Florida Bar No.:  91812
clandt@bakerlaw.com
Joyce Ackerbaum Cox, Esq.
Florida Bar No.: 0090451
jacox@bakerlaw.com
Meagan L. Martin, Esq.
Florida Bar No.: 089657
mmartin@bakerlaw.com

**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Ste. 2300
Post Office Box 112
Orlando, FL 32802-0112
Telephone:  (407) 649-4000
Facsimile:  (407) 841-0168

**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 25, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to Peter M. Hoogerwoerd, Esq., Nathaly Lewis, Esq., Remer & Georges-Pierre, PLLC, 44 West Flagler Street, Suite 2200 Miami, Florida 33130.

*s/ Caroline M. Landt*
Caroline M. Landt

4851-8589-5011.1