UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**GUILLERMO PINA, on behalf of himself
and All Others Similarly Situated,**

      **Plaintiff,**                                    CASE NO.: 1:17-cv-24274-FAM

v.

**FEDEX FREIGHT, INC.,**

      **Defendant.**
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

Plaintiff, Guillermo Pina ("Plaintiff"), and FedEx Freight, Inc., ("FedEx" or "Defendant") (all parties collectively referred to as the "Parties"), jointly request this Court to approve the Parties' settlement of the claims brought by Plaintiff in the above-captioned matter. Because two of Plaintiff's four claims in this action arise under the Fair Labor Standards Act ("FLSA"), the Parties' settlement must be approved by this Court. The Parties' Confidential General Release and Settlement Agreement (the "Settlement Agreement") have been submitted to the Court for review *in camera*.

### I.    Legal Principles

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. §216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section

216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946); *Jarrard v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354 (footnote omitted).

  II. **<u>Settlement of FLSA Claims</u>**

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release the Plaintiff's FLSA claims against the Defendant. The proposed settlement arises out of an action brought by the Plaintiff against its alleged former employer, which was adversarial in nature. During the litigation and settlement of this action, the Plaintiff was represented by experienced counsel.

The Parties agree the instant action involves disputed issues. Specifically, there are issues as to whether Plaintiff was exempt from the overtime compensation requirements of the FLSA, and, if not, how many uncompensated (if any) overtime hours Plaintiff worked. Plaintiff claimed

that he routinely worked over forty hours in a workweek. Defendant disputes Plaintiff's claims and asserts that Plaintiff was properly classified as exempt. Defendant's position is, therefore, that Plaintiff was paid properly for all hours worked. Defendant also asserts, *inter alia,* that even if Plaintiffs were to prove a violation of the FLSA, he did not work the number of overtime hours he has claimed in this action and would not be entitled to recover liquidated damages. The Parties also asserted contrary positions on Plaintiff's FLSA retaliation claim. The Plaintiff asserting that he was terminated for complaining about working more than his shift and the Defendant asserting that he was terminated for misconduct.

Plaintiff filed the instant action on October 23, 2017, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Defendant removed the instant action to this Court and then answered the Complaint. The Parties then engaged in discovery, including, the production of documents and three depositions, including the Plaintiff and Defendant's Corporate Representatives. The Parties subsequently filed motions for summary judgment. Prior to the Court's decision with respect to summary judgment, the Parties engaged in mediation. The case was resolved by the Parties negotiating a settlement at mediation, including the settlement of the Plaintiff's FLSA claims.

The settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and his counsel discussed Plaintiff's alleged overtime hours and pay rate and formulated their own proposed settlement figures. The Parties then engaged in settlement discussions, based upon their independent calculations. Specifically, based upon their respective estimates of Plaintiff's underlying claims, the Parties negotiated a global settlement amount for Plaintiff's claims, which was then divided according to claim. The Parties, through their attorneys,

voluntarily agreed to the terms of their settlement during negotiations. All of the Parties were advised and represented by counsel throughout the litigation and settlement process.

The Parties request that the Court retain jurisdiction for thirty days to enforce the terms of the Settlement Agreement. A copy of a proposed Order of Dismissal with Prejudice is attached hereto as Exhibit A.

## II.     Conclusion

The Parties jointly and respectfully request this Court to approve the Settlement Agreement of the Parties, and dismiss the instant action between the Parties with prejudice.

RESPECTFULLY SUBMITTED, this 13th day of June, 2018.

| | |
|---|---|
| *s/Peter M. Hoogerwoerd* | *s/Caroline M. Landt* |
| Peter M. Hoogerwoerd, Esq. | Joyce Ackerbaum Cox |
| Florida Bar No. 0188239 | Florida Bar No. 0090451 |
| E-mail: pmh@rgpattorneys.com | E-mail: jacox@bakerlaw.com |
| Nathaly Lewis, Esq. | Caroline M. Landt |
| Florida Bar No. 118315 | Florida Bar No. 0091812 |
| E-mail: nl@rgpattorneys.com | E-mail: clandt@bakerlaw.com |
| **REMER & GEORGES-PIERRE, PLLC** | Meagan L. Martin |
| 44 West Flagler Street, Suite 2200 | Florida Bar No. 89657 |
| Miami, Florida 33130 | E-mail: mmartin@bakerlaw.com |
| Telephone: (305) 416-5000 | **BAKER & HOSTETLER LLP** |
| Facsimile: (305) 416-5005 | Post Office Box 112 |
| | Orlando, Florida 32802-0112 |
| **Counsel for Plaintiff** | Telephone: (407) 649-4000 |
| | Facsimile: (407) 841-0168 |
| | |
| | **Counsel for Defendant** |

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 13, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to Peter M. Hoogerwoerd and Nathaly Lewis, Remer & Georges-Pierre, PLLC, 44 West Flagler Street, Suite 2200, Miami, FL 33130, pmh@rgpattorneys.com, nl@rgpattorneys.com.

                                                  *s/ Caroline M. Landt*
                                                  Caroline M. Landt